(54 South. 482.)

No. 18,653.

STATE v. HAMILTON.

(Feb. 27, 1911.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1020*)—JURISDICTION— SUPREME COURT—APPELLATE JURISDICTION —CRIMINAL CASES—"HARD LABOR."

This court is without jurisdiction of the appeal in a criminal case where the offense charged is not punishable by death or imprisonment at hard labor (meaning hard labor in the State Penitentiary), and where no fine "exceeding" $300 and no imprisonment "exceeding" six months is "actually" imposed; and hence is without jurisdiction of the appeal in a case where the defendant, having been convicted of selling intoxicating liquors without having first obtained a license, is sentenced "to pay a fine of $300 and costs and be confined in the parish jail for a period of six months, subject to work on the public roads of the parish as provided by law, and, in default of the payment of the fine, that he be confined in the parish jail for an additional period of six months, subject to work on the public roads of the parish as provided by law."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580; Dec. Dig. § 1020.*

For other definitions, see Words and Phrases, vol. 4, p. 3215.]

Appeal from Twelfth Judicial District Court, Parish of De Soto; Don E. So Relle, Judge.

Ishmael Hamilton was convicted of selling intoxicants without a license, and he appeals. Dismissed.

Lee, Pegues & Atkinson, for appellant. Walter Guion, Atty. Gen., James G. Palmer, Dist. Atty. (G. A. Gondran, of counsel), for the State.

MONROE, J. Defendant was prosecuted upon a charge of selling spirituous and intoxicating liquors without having first obtained a license, and, having been convicted, was sentenced "to pay a fine of $300 and costs and be confined in the parish jail for a period of six months, subject to work on the public roads of the parish, as provided by law, and, in default of payment of the fine and costs, that he be confined in the parish jail for an additional period of six months, subject to work on the public roads of the parish as provided by law," and he has appealed from the sentence.

The state moves to dismiss the appeal on the ground that this court is without jurisdiction to entertain it. The appellate jurisdiction of this court extends in criminal cases to "questions of law alone, whenever the punishment of death or imprisonment at hard labor may be inflicted, or a fine exceeding $300 or imprisonment exceeding six months is actually imposed."

The offense charged is not punishable by death or imprisonment at hard labor (Rev. St. art. 910; Act No. 66 of 1902; Act No. 107 of 1902, § 8; Act No. 176 of 1908, § 3), the term "hard labor," as used in the Constitution, referring to hard labor to be performed in the State Penitentiary. On the other hand, no fine "exceeding" $300 or imprisonment "exceeding" six months has been "actually" imposed. It is therefore adjudged and decreed that the appeal herein be dismissed.