(72 South. 739)

No. 21737.

### STATE v. AUTHEMENT.

(Jan. 24, 1916. On Rehearing, June 30, 1916. Rehearing Denied Oct. 16, 1916.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW  &#9758;1020 — APPEAL—JURISDICTION.

This court has no jurisdiction of an appeal from a conviction of a misdemeanor where a sentence of fine or imprisonment is imposed, giving the defendant the alternative, and where either the fine does not exceed $300 or the imprisonment does not exceed six months.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2578–2580; Dec. Dig. &#9758;1020.]

2. CRIMINAL LAW  &#9758;1017 — APPEAL — MOOT CASE.

The Supreme Court of Louisiana has no authority for rendering an advisory opinion in a case in which its judgment or decree would be null for want of jurisdiction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2572–2576, 2589; Dec. Dig. &#9758;1017.]

*(Additional Syllabus by Editorial Staff.)*

3. CRIMINAL LAW ⊕1020—APPEAL—JURIS-DICTION—FINE "ACTUALLY IMPOSED."

Where the sentence is for fine of $301 and costs, or an alternative of 90 days imprisonment, the fine is not "actually imposed" within the meaning of Const. art. 85, giving the Supreme Court jurisdiction on appeal when a fine exceeding $300 is actually imposed.

[Ed. Note.—For other cases, see Criminal Law, Cent. .Dig. §§ 2578–2580; Dec. Dig. ⊕1020.]

On Rehearing.

4. FISH ⊕15—OFFENSES—ESSENTIALS.

Under Act No. 189 of 1910, authorizing the leasing of oyster lands of the state, and declaring that it shall be unlawful for any person to knowingly or willingly take oysters bedded or planted by a lessee under this act, or any oysters deposited by such lessee, proof, in a prosecution for violation, that oysters taken from a leased oyster bed were bedded or planted by the lessee, is necessary to sustain conviction.

[Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 27–30; Dec. Dig. ⊕15.]

5. LARCENY ⊕3(3) — DEFENSES — PRIVILEGE OR RIGHT.

One taking property under a bona fide claim of right, and not with any intent of theft, is not guilty of larceny.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 5; Dec. Dig. ⊕3(3).]

6. FISH ⊕7(2) — PROTECTION — LEASING OF OYSTER BEDS—JURISDICTION.

Under Act No. 189 of 1910, declaring that it shall be unlawful for any person to knowingly or willfully take oysters bedded or planted by a lessee, or any oysters deposited under this act, which act authorizes the leasing of oyster lands, and which allows the state in demising oyster lands to demise natural oyster reefs not exceeding 150 acres to each lessee, which does not include more than 20 per cent. of the lands demised, the state may in its power of conservation demise natural reefs to a lessee, such demise not defeating the inherent property rights of the inhabitants of the state in wild game and fish; for no fee-simple title is acquired in the lands demised.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 10; Dec. Dig. ⊕7(2).]

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. E. Howell, Judge.

Gustave Authement was convicted of a misdemeanor, and he appeals. Reversed and remanded.

Harris Gagne, of Houma, and Beattie & Beattie, of Thibodaux, for appellant. R. G. Pleasant, Atty. Gen., H. M. Bourg, Dist. Atty., of Houma (G. A. Gondran and J. B. Dawkins, both of New Orleans, of counsel), for the State. On rehearing, A. V. Coco, Atty. Gen., and Harry Gamble, Asst. Atty. Gen., for the State.

O'NIELL, J. [1-3] The defendant was convicted of a misdemeanor, and sentenced to pay a fine of $301 and costs, or be imprisoned 90 days in the parish jail, and he has appealed from the conviction and sentence.

Under the doctrine announced in State v. Hamilton, 128 La. 91, 54 South. 482, and affirmed in State v. Mitchell, 137 La. 1098, 69 South. 851, this court has no jurisdiction of the present appeal. The offense of which the appellant was convicted is not punishable by death or imprisonment at hard labor.

Article 85 of the Constitution of this state provides that the appellate jurisdiction of this court extends to criminal cases on questions of law alone whenever the punishment of death or imprisonment at hard labor may be inflicted or a fine exceeding $300 or imprisonment exceeding six months is actually imposed.

Construing the foregoing constitutional provisions in each of the two cases referred to above, where the sentence imposed for the commission of a misdemeanor was that the defendant pay a fine of $300 and costs and be imprisoned six months in the parish jail, or, in default of his paying the fine and costs, that he serve six months additional imprisonment in the parish jail, it was held by a majority of the members of this court that the imprisonment in excess of the term of six months was only an alternative sentence, not "actually imposed." On the same principle, a majority of the members of the court now hold that the fine of $301 in this case was not actually imposed, because the de-

fendant was given the alternative sentence of imprisonment for only 90 days.

This case is an important one, involving questions of constitutionality of our oyster conservation laws. But we have no authority for rendering an advisory opinion in a case in which our judgment or decree would be null for want of jurisdiction.

The writer of this opinion adheres to the views expressed in his dissenting opinion in State v. Mitchell, published in 137 La. 1098, 69 South. 852, but is alone in that opinion.

For the reasons assigned, the appeal is dismissed.

On Rehearing—On Motion to Dismiss.

PROVOSTY, J. Nothing is a crime or offense in this state which is not made so by express statute, and in every case the statute creating the crime or offense prescribes what its penalty shall be. And it is the penalty so prescribed that the Constitution has reference to when it says that this court shall have jurisdiction "whenever * * * fine exceeding $300, or imprisonment exceeding six months has been actually imposed." No other punishment can be "actually" imposed except the one prescribed by the statute creating the crime or offense and prescribing what shall be its penalty.

Another statute, now section 980, R. S., provides that where the accused does not pay the fine, and it cannot be recovered by recourse against his property, he shall be sentenced to be imprisoned for a period not exceeding one year, and very often this alternative sentence is added to the actual sentence; but the pronouncing of this alternative sentence at that time, or, as one might say, thus anticipatorily, is done as a mere matter of convenience; in reality the case is ripe for this alternative sentence only after the accused has failed to pay the fine, and the recovery of it out of his property has been found to be impracticable.

This additional sentence thus conditionally and anticipatorily pronounced cannot be said to have been actually imposed; hence it cannot serve as a basis for the jurisdiction of this court. This court so held in State v. Mitchell, 137 La. 1098, 69 South. 851, and State v. Hamilton, 128 La. 91, 54 South. 482. But in the case at bar a fine of $301 was actually imposed; and it has none the less been actually imposed from the fact that, in default of its being paid or recovered out of the property of the accused, the accused will have to undergo imprisonment for 90 days. This court has therefore jurisdiction of the case.

The motion to dismiss is denied.

On the Merits.

[4] Act 189, p. 302, of 1910 authorizes the leasing of the oyster lands of the state, and allows a certain percentage of the natural oyster reefs to be included in each lease. Section 18 of the act provides:

"It shall be unlawful for any person to knowingly or willfully take oysters, * * * or cultch, bedded or planted by a lessee under this act, or any oysters deposited by such lessee" under this act.

Section 24 makes any violation of the act a crime.

The indictment against defendant charges him with having feloniously taken and carried away oysters of the value of $5 of the goods and chattels of the Pelican Lake Oyster & Packing Company from grounds leased by the state to said company where oyster shells and cultch had been planted, bedded, and deposited by said company. In other words, it charges a violation of said statute, and also charges larceny.

This including in one count of two offenses requiring different punishments was not objected to.

As we understand, the defendant and a great number of other oyster fishermen went together and took the oysters openly, for the purpose of testing the right of the state to

confer upon one or more persons the exclusive right to take oysters from the natural oyster reefs.

The bill of exceptions No. 2 shows that the court refused to hold that in order to show a violation of said Act 189 the state must prove that the oysters taken had been bedded or planted by the said lessee, and refused also to hold:

That "the defendant, claiming an inalienable right, could not be held guilty," and that, "when the defendant is shown to have an equitable right, he cannot be held before the court as a criminal, but the question at issue must be determined by civil action on the part of the person alleged to have been injured."

The said statute does not make it an offense to take oysters from a natural oyster reef, but only such oysters as may have been bedded or planted by a lessee. Proof that the oysters taken by the defendant had been so bedded or planted was therefore necessary to be made. The failure so to have held is reversible error.

[5] By the other above-recited legal proposition which the trial court refused to hold, we understand the defendant's learned counsel to have asked the court to hold that, if the defendant took the oysters not as a thief, but under a belief of right—in other words, under a bona fide claim of right—his act was not larceny. This proposition is well settled law. 25 Cyc. 49. The refusal to hold it is reversible error.

[6] The main point submitted by the learned counsel for defendant, the point for the testing of which, as we understand, the prosecution was provoked, is whether the state has the right to lease the natural oyster reefs, not by way of administration and conservation, but as absolute owner, and for revenue. But the question of whether the state would have this right does not come up in this case, since the state has not, by said Act 189, undertaken to exercise that right, but only to authorize the making of leases by way of conservation and administration, as is shown by section 1 of the said Act 189, which declares that "no one shall hold in fee simple any bottoms," etc., and section 6, which provides that no more than 20 per cent. of the leased area shall be of natural reefs, and that no lessee shall hold more than 150 acres of natural reefs.

The question presented therefore is whether the state, as trustee for the public in the administration of these oyster reefs and of the adjoining water bottoms fit for the propagation of oysters, may, as an act of intelligent and wise administration, include in the area leased a certain proportion of the natural reefs, and, if so, whether that proportion may be as large as 20 per cent. without ceasing to be mere administration and becoming a disposition dependent for its validity upon perfect ownership. The learned trial judge in that connection said:

"That the state had and has the power to enact the legislation attached, I think, admits of no serious doubt.

"The game and fish in the state, including shellfish of all kind, belong to the people of the state in their collective capacity, and are held in trust by the sovereign for the benefit of its people.

"The people, acting through their constitutional authority, the state government, can regulate the taking of the game and fish, or they can prohibit entirely the taking because they can do what they please with their own. The people through their supreme lawmaking power, the Legislature, can make such rules and regulations as they deem proper for the conservation, propagation, and development of their fisheries, and in the exercise of such power can create such state agencies as they think proper and expedient to secure the desired end. Hence they can create commissions to take charge of the fisheries of the state, with power under the law to execute the mandate of the people speaking through their supreme lawmaking authority, the Legislature.

"The Legislature, not the courts, are the judges as to what those regulations shall be; whether wise or unwise is no concern of the courts. The people enact their laws through the medium they have selected as proclaimed in their Constitution, the supreme law of the land. The courts merely interpret and enforce such laws.

"The state has the power to lease such part of the natural oyster reefs as it sees fit and

necessary for the conservation and development of the oysters of the state.

"The conservation commission or other state agency had the power under the law to select, survey, and set apart the portion of the natural reefs as required by law.

"Their selection cannot be set aside by the court in a criminal prosecution.

"See McCready v. Virginia, 94 U. S. 395, 24 L. Ed. 248; Manchester v. Mass., 139 U. S. 240, 11 Sup. Ct. 559, 35 L. Ed. 159; Geer v. Connecticut, 161 U. S. 533, 16 Sup. Ct. 600, 40 L. Ed. 793; Plumley v. Mass., 155 U. S. 473, 15 Sup. Ct. 154, 39 L. Ed. 223, 32 L. R. A. 270; 19 Cyc. P. 100 et seq.

"State can parcel out shell fisheries. Manchester v. Mass., 139 U. S. 262, 11 Sup. Ct. 559, 35 L. Ed. 159; Stockton v. Baltimore & N. Y. R. Co. (C. C.) 32 Fed. 9; State v. Shaw, 67 Ohio St. 157, 65 N. E. 875, 60 L. R. A. 481 et seq.

"The notes to this decision are elaborate, and treat exhaustively every phase of the question at bar and fully sustains by citations of federal and state decisions with copious quotations therefrom the power of the state to enact the legislation under consideration.

"See, also, Ingraham v. Wilkinson, 4 Pick. (Mass.) 268, 16 Am. Dec. 342; Martin v. Waddell, 16 Pet. 367, 10 L. Ed. 997; Rogers v. Jones, 1 Wend. (N. Y.) 237, 19 Am. Dec. 493, and notes; McCready v. Virginia, 94 U. S. 391, 24 L. Ed. 248; People v. Lowndes, 130 N. Y. 455, 29 N. E. 751; Commonwealth v. Vincent, 108 Mass. 441; Pollard Lessee v. Hagan, 3 How. 214, 11 L. Ed. 565.

"Map by Commission is conclusive evidence of oyster bedding grounds. Fraser v. State, 112 Ga. 13, 37 S. E. 114; Rogers v. Jones, 1 Wend. (N. Y.) 237, 19 Am. Dec. 493; State v. Morgan, 133 La. 1038, 63 South. 509."

And in the per curiam to the bill of exceptions No. 2 the learned trial judge said:

"The court makes the same statement of facts in connection with this bill as made in bill No. 1, and adds further that the court in point of fact held that the natural reefs were the property of all the people of the state, and merely held in trust by the state, for the people of the state, for the reasons stated in the written opinion filed herein to which special reference is made in connection with this bill."

Like our learned Brother, we are not prepared to hold that the lease thus made under and by virtue of the said Act 189 was not purely and simply an act of administration; and, as such, clearly within the powers of the Legislature.

The judgment is set aside, and the case remanded to be tried in accordance with the views herein expressed.

See concurring opinion of O'NIELL, J., 72 South. 741.