(113 So. 879)

No. 28678.

### CITY OF NEW ORLEANS v. RIISSE (or Rewis).

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ⬦107(2)—Board of commissioners of port of New Orleans is political 'entity, empowered to pass ordinances without approval by New Orleans commission council (Const. 1921, art. 6, § 17; Act No. 73 of 1922; Act No. 14 of Ex. Sess. 1915, § 1).**

Under Const. 1921, art. 6, § 17, Act No. 73 of 1922, and Act No. 14 of Ex. Sess. 1915, § 1, board of commissioners of port of New Orleans is a political entity, separate and distinct from city of New Orleans, with power to pass its own ordinances independently of any approval or ratification by commission council of such city.

2. **Criminal law ⬦90(2)—Port commissioners' ordinance regulating oil vessels held not city ordinance within jurisdiction of city recorder's courts (Act No. 14 of Ex. Sess. 1915, § 2; Const. 1921, art. 7, § 94).**

Ordinance, adopted by board of commissioners of port of New Orleans on October 28, 1926, regulating handling and passage of oil-laden vessels, not being ordinance continued in effect by Act No. 14 of Ex. Sess. 1915, § 2, which confers on recorder's courts in New Orleans power to enforce ordinances of such board in same manner as city ordinances, is not a city ordinance, to trial of offenses against which jurisdiction of such courts is restricted by Const. 1921, art. 7, § 94.

3. **Constitutional law ⬦56—Statute authorizing city recorder's courts to try offenses against port commissioners' ordinances held unconstitutional (Act No. 14 of Ex. Sess. 1915, § 2; Const. 1921, art. 22, § 1, Third; art. 7, § 94).**

Act No. 14 of Ex. Sess. 1915, § 2, conferring on recorder's courts in city of New Orleans jurisdiction to try offenders against ordinances of board of commissioners of port of New Orleans, is invalid and of no effect, under Const. 1921, art. 22, § 1, Third, to extent of its inconsistency with article 7, § 94, limiting jurisdiction of such courts to trial of offenses against city ordinances.

4. **Criminal law ⬦84(1)—Constitution held not amended, so as to authorize city recorder's courts to try offenders against port commissioners' ordinances, by act proposing amendment as to leasing lands acquired by commissioners (Act No. 73 of 1922, § 1; Const. 1921, art. 7, § 94).**

Act No. 73 of 1922, proposing amendment of Constitution as to leasing of lands acquired by board of commissioners of port of New Orleans for navigation canal, does not amend Const. 1921, art. 7, § 94, defining jurisdiction of recorder's courts in city of New Orleans, so as to authorize them to try offenders against ordinances of such board, in view of section 1 of such act, declaring that board shall have all powers conferred by Constitution or statutes except as changed by such act.

5. **Criminal law ⬦84(1)—Act passed after constitutional curtailment of recorder's courts' jurisdiction over port commissioners' ordinances held not affirmation of jurisdiction conferred by statute (Const. 1921, art. 7, § 94; Act No. 73 of 1922, § 1; Act No. 14 of Ex. Sess. 1915, § 2).**

Jurisdiction of recorder's courts of city of New Orleans over ordinances of board of port commissioners, having been curtailed by Const. 1921, art. 7, § 94, and Act No. 73 of 1922, § 1, declaring that such board shall have all powers conferred by Constitution or statutes, was not an affirmation of such courts' jurisdiction, attempted to be conferred by Act No. 14 of Ex. Sess. 1915, § 2, to enforce board's ordinances, there being no jurisdiction to be affirmed.

6. **Criminal law ⬦86—Criminal district court of Orleans parish is proper tribunal for enforcement of ordinances of New Orleans port commissioners (Const. 1921, art. 7, §§ 83, 94).**

Recorder's courts in city of New Orleans being without jurisdiction of offenses against ordinances of board of commissioners of port of New Orleans, under Const. 1921, art. 7, § 94, criminal district court of parish of Orleans is proper tribunal for enforcement of such ordinances, under section 83.

Appeal from Second Recorder's Court, Parish of Orleans; Emile J. Leonard, Recorder.

Capt. Hans Riisse (or Rewis) was convicted of violating an ordinance of the board of commissioners of the port of New Orleans, regulating the handling and passage of oil-laden vessels in such port, and he appeals. Conviction and sentence annulled and set

aside, defendant's plea to the jurisdiction sustained, and prosecution dismissed.

John D. Grace, M. A. Grace, Edwin H. Grace, and John D., M. A. & Edwin H. Grace, all of New Orleans, for appellant.

Arthur B. Hammond, Harold A. Moise, and Arthur McGuirk, all of New Orleans, for appellee Board of Com'rs of Port of New Orleans.

LAND, J. Defendant was convicted in the second recorder's court of the parish of Orleans for the violation of section 2 of an ordinance adopted October 28, 1926, by the board of commissioners of the port of New Orleans, regulating the handling of oil-laden vessels in, and the passage of such vessels through, said port.

From a sentence to pay a fine of $25, or imprisonment for 30 days in default of payment, defendant has appealed.

Section 2 of said ordinance reads as follows, to wit:

"(2) All vessels laden with oil, having a flash point lower than 73 degrees Fahrenheit, as determined by the closed cup test, shall at all times display by day a red flag of at least 16 square feet at the masthead, or at least 10 feet above the upper deck, if the vessel has no mast; at night a blue light must be displayed in the same position specified for the red flag."

Defendant demurred to the affidavit filed against him in the recorder's court on the following grounds:

(1) That section 2 of said ordinance is repugnant to and in violation of article 1, § 8, of the Constitution of the United States, and particularly that clause thereof granting to Congress the right to regulate commerce with foreign nations, and among the several states, in that said ordinance is an attempt to regulate commerce, particularly the navigation of vessels employed in commerce.

(2) That said regulation is repugnant to and in violation of section 4233 of the Revised Statutes of the United States, and particularly rules 2 and 3 of said section, in that in said section Congress has provided as follows:

"Rule 2. The lights mentioned in the following rules, and no others, shall be carried in all weather, between sunset and sunrise."

That said regulation is repugnant to and in violation of section 4233, rule 3, par. A, Revised Statutes of the United States, because it is required therein that a bright white light shall be carried at the masthead of all ocean going vessels.

(3) That said ordinance is not an ordinance of the city of New Orleans, and that the second recorder's court of the parish of Orleans is without jurisdiction of the alleged violation by defendant, under section 94 of article 7 of the Constitution of the state of Louisiana, adopted in the year 1921.

It is contended by the board of commissioners of the port of New Orleans that the ordinance, under which defendant is prosecuted, is an ordinance of the city of New Orleans, and that jurisdiction over the alleged violation of said ordinance is expressly conferred upon the recorder's courts of said city by section 2 of Act 14 of 1915, Extra Session, and that the provision in said act as to the jurisdiction of the recorder's courts has been affirmed by section 1 of Act 73 of 1922, an amendment to the Constitution of 1921.

Defendant, on the other hand, asserts that the ordinance in question is an ordinance passed by the board of commissioners of the port of New Orleans, and is not a city ordinance at all; and, as the jurisdiction of recorder's courts in the city of New Orleans is restricted to the trial of offenses against city ordinances only, under section 94 of article 7 of the present Constitution, the second recorder's court of said city is without jurisdiction in this case, since section 2 of Act 14 of 1915 has been repealed by the section of the Constitution above cited, in so far as it concerns the jurisdiction of the recorder's courts of the city of New Orleans to try offenses under ordinances adopted by said board.

Section 2 of Act 14 of 1915, Extra Session,

is an amendment and re-enactment of section 3 of Act 36 of 1900, and reads as follows:

"Section 3. Be it further enacted, etc., that the former ordinances of the city of New Orleans applying to wharves and landings and river front of the city of New Orleans shall remain in full force and effect, except as amended by the board of commissioners of the port of New Orleans, and all ordinances passed by said latter board concerning the territory, jurisdiction and control of the port of New Orleans, and the proper conduct thereof, shall be enforceable by fine and imprisonment in the same manner as the ordinances of the city of New Orleans now are, that is, by fine not to exceed twenty-five dollars or an imprisonment not to exceed thirty days, the prosecutions to be carried on in the recorder's courts of the city of New Orleans, or in the district courts in Jefferson and St. Bernard parishes."

[1] It is clear that section 2 of Act 14 of 1915, Extra Session, confers upon the recorder's courts of the city of New Orleans the enforcement of all ordinances passed by the board of commissioners of the port of New Orleans, in the same manner as the ordinances of the city of New Orleans are enforced. The act, however, does not by any means declare that the ordinances of the board are ordinances of the city of New Orleans. The board of commissioners of the port of New Orleans forms no part of the government of the city of New Orleans, but is made a state agency under the Constitution of 1921, and its respective members are appointed by the Governor of the state. Const. 1921, art. 6, § 17.

The board of commissioners has and exercises all powers now conferred by the Constitution or statutes upon it. Act 73 of 1922, Constitutional Amendment. The board has the power to regulate the commerce and traffic of the port and harbor of New Orleans in such manner as may, in its judgment, be best for its maintenance and development, and to pass all necessary and valid ordinances in the accomplishment of such purpose. Act 14 of 1915, Ex. Sess. § 1.

It is evident, therefore, that the board of commissioners of the port of New Orleans is a political entity, separate and distinct from the city of New Orleans, and that the power of the board to pass its own ordinances is independent of any approval of, or ratification by, the commission council of the city of New Orleans.

[2] The ordinance under which defendant is prosecuted in the second recorder's court of the city of New Orleans is not a former ordinance of the city of New Orleans, passed prior to Act 14 of 1915, and continued in full force and effect by said act, but it is a recent ordinance adopted by the board of commissioners of the port of New Orleans on October 28, 1926, in the exercise of the special legislative authority vested in said board.

The ordinance in question, therefore, is not a city ordinance, but is distinctly an ordinance of the board of commissioners of the port of New Orleans.

[3] Both under the Constitutions of 1898 and 1913, the jurisdiction of the recorder's courts of the city of New Orleans was restricted to the trial of offenses against city ordinances only. Const. 1898, art. 141; Const. 1913, art. 141.

The present Constitution, in providing for judges of the recorder's courts of the city of New Orleans, declares that:

"The jurisdiction of said courts shall extend to the trial of offenses against city ordinances; *they shall have no other jurisdiction.*" (Const. 1921, art. 7, § 94).

The provision in section 2 of Act 14 of 1915, Extra Session, conferring upon recorder's courts in the city of New Orleans jurisdiction to try offenses against the ordinances of the board of commissioners of the port of New Orleans, is plainly inconsistent with section 94 of article 7 of the Constitution of 1921, limiting the jurisdiction of recorder's courts in said city to the trial of offenses against city ordinances. Therefore section 2 of said act is, to that extent, unconstitutional, invalid, and of no effect. Const. 1921, art. 22, § 1, Third.

[4] Act 73 of 1922 is a joint resolution "proposing an amendment to the Constitution of the state of Louisiana, relative to the leasing for manufacturing, commercial, and business purposes lands acquired by the board of commissioners of the port of New Orleans for the navigation canal, connecting the Mississippi river with Lake Pontchartrain."

Section 1 of this act declares that:

"The board of commissioners of the port of New Orleans shall, except as herein changed and amended, have and exercise all powers conferred by the Constitution or statutes upon them."

It is obvious that Act 73 of 1922 does not undertake to amend section 94 of article 7 of the Constitution of 1921, defining the jurisdiction of the recorder's courts in the city of New Orleans.

[5] It is apparent also that section 2 of Act 14 of 1915, Extra Session, has conferred upon the recorder's courts of the city of New Orleans, and not upon the board of commissioners of the port of New Orleans, the right to enforce all ordinances passed by said board.

As the jurisdiction of the recorder's courts over the ordinances of the board was curtailed by the Constitution of 1921, and was not a right conferred by any statute of this state upon the board, we fail to appreciate the force of the argument made by counsel for the board, that Act 73 of 1922 was an affirmation of the jurisdiction of the recorder's courts of the city of New Orleans as to the enforcement of the ordinances of the board of commissioners of the port of New Orleans. There was no such jurisdiction left to be affirmed by subsequent amendment, in 1922, since the Constitution of 1921 went into effect on July 1st of that year.

[6] Section 83 of article 7 of the Constitution of 1921 provides that:

"The criminal district court for the parish of Orleans shall have exclusive jurisdiction of the trial and punishment of all crimes, misdemeanors and offenses committed within the parish of Orleans, the jurisdiction of which is not vested by this Constitution in some other court."

As the recorder's courts in the city of New Orleans are without jurisdiction of the offense charged, it is clear, under the broad language of section 83 of the present Constitution, that the criminal district court of the parish of Orleans is the proper tribunal for the enforcement of the ordinance of the board of commissioners of the port of New Orleans in the present case.

The plea to the jurisdiction of the second recorder's court of the city of New Orleans is well founded, in our opinion, and should have been sustained in the lower court. We therefore pretermit any consideration of the issue as to the constitutionality of the ordinance.

It is ordered that the conviction and sentence appealed from be annulled and set aside. It is now ordered that the plea to the jurisdiction of the second recorder's court of the city of New Orleans be sustained, and that the prosecution in this case be dismissed.