FOURNET, Chief Justice.
The defendant, Jane Brady, having been convicted in the Municipal Court of New Orleans on an affidavit charging her with the violation of Ordinance No. 17,832, C. C.S., in that she solicited a person to purchase a beverage in a place where alcoholic beverages were sold, and sentenced to pay a fine of $50 or serve fifty days in jail, *96 appealed to the Criminal District Court, Parish of Orleans, under the provisions of Article VII, Sec. 94 I(i), of the Constitution of 1921, as amended; and the Judge of Section G, to which the case was allotted, being of the opinion that he had no jurisdiction because the constitutionality of the ordinance under which defendant was convicted and fined was in contest, availed himself of the provisions of R.S. 13:4441 and sua sponte transferred the appeal to this court.
A careful study and analysis of the provisions of R.S. 13:4441[1] in the light of its history and source, Act 19 of 1912, amending and re-enacting Act 56 of 1904,[2] adopted almost verbatim in the Revised Statutes of 1950, clearly reveals that it applies only to the Supreme C^urt and to those Courts of Appeal spe-cificially designated as such in the Constitution. Moreover, the appeal was not improperly lodged in the Criminal District Court, for it is expressly provided in the Constitution that “there shall be a right to appeal in all cases from the Municipal Court of New Orleans to the Criminal District Court for the Parish of Orleans.” Article VII, Sec. 94, I(i). While defendant had a right to appeal directly to this court under its appellate jurisdiction on the question of the legality of the fine imposed,[3] when she chose to appeal to the Criminal District Court, she waived her right to have the matter reviewed by this court on appeal[4] and is relegated to the review of her case in the Criminal District Court on the issue of the legality of the fine imposed upon her as well as the question of her guilt or innocence.
For the reasons assigned, the order of’ the trial judge transferring the appeal to this court is annulled and set aside, and the Judge of Section G of the Criminal District Court, Parish of Orleans, is ordered to forthwith proceed with the disposition of this case.

. “In any case otherwise properly brought up on appeal to the Supreme Court, or to any of the courts of appeal, the judges of these courts may, in cases where the appellant or appellants shall have appealed to the wrong court, transfer the case to the proper court instead of dismissing the appeal * *

. Act 19 of 1912, being “An Act to amend and re-enact Act No. 56 of the Acts of 1904, entitled ‘An Act Relative to the Jurisdiction of the Supreme Court and Courts of Appeal and to authorize either Court to transfer to the other the record in any case where the appeal was brought up through mistake in the jurisdiction, instead of dismissing the appeal.’ ” (Emphasis supplied.)

. Article VII, § 10(5): “It [the Supreme Court] shall have appellate jurisdiction in all cases * * * where the legality, or constitutionality of any fine * * * imposed by a * * * municipal corporation * * * shall be in contest * *

. See, City of Shreveport v. Moore, 219 La. 604, 53 So.2d 783.