125 So.2d 413

STATE of Louisiana

v.

Charleston WHITE.

No. 45190.

Nov. 7, 1960.

Rehearing Denied Jan. 9, 1961.

Nathan A. Cormie, Lake Charles, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Jennings, Alfred R. Ryder, Asst. Dist. Atty., Oberlin, for appellee.

FOURNET, Chief Justice.

The defendant, Charleston White, having been sentenced "to serve fifteen days in the parish jail and to pay a fine of three hundred ($300.00) dollars and, in default of payment of the fine, to serve an additional six months in the parish jail" on his conviction for violation of the State Gambling Statute, R.S. 14:90, this court is without appellate jurisdiction since the imprisonment *actually imposed* [1] does not exceed six months and the fine does not exceed $300.00; [2] and, furthermore, we lack authority to transfer this case [3] to the

---

1. The question of whether the imposition of a fine, with the condition that default in the payment thereof will result in additional time in prison, constitutes actual imposition of the sentence was resolved in the negative in the leading case of State v. Roy, 152 La. 933, 94 So. 703, citing State v. Hamilton, 128 La. 91, 54 So. 482 and State v. Mitchell, 137 La. 1098, 69 So. 851. See also State v. Parker, 159 La. 398, 105 So. 386; State v. La-

borde, 214 La. 644, 38 So.2d 371, and cases therein cited.

2. Louisiana Constitution, Art. 7, Sec. 10.

3. Authority of this court to transfer cases erroneously appealed is found in R.S. 13:4441, which was held not applicable to appeals from City Court to District Court in City of New Orleans v. Brady, 236 La. 789, 109 So.2d 95. See also, State v. Ginalva, 165 La. 304, 115 So. 571.

Thirty-First Judicial District Court to which the appeal properly lies.[4]

The appeal is dismissed.

---

4. R.S. 13:1870, Section O, as amended by act No. 326 of 1956.