HAMITER, Justice.
In the City Court for the Fifth Ward of Allen Parish the defendant, Theodore Kelly, was convicted of violating the state gambling statute (LRS 14:90) and sentenced to “serve fifteen (15) days in the parish jail and pay a fine of Three Hundred ($300.00) Dollars and in case the defendant should fail to pay the Three Hundred ($300.00) Dollar fine to serve an additional six (6) months in the parish jail.” From the conviction and sentence he appealed to this court.
We notice, ex proprio motu, that we are without authority to entertain the appeal. Our appellate jurisdiction extends to “ * * * criminal cases on questions of law alone, whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.” Section 10, Article 7 of the Louisiana Constitution. As is disclosed by the above mentioned gambling statute the offense with which this defendant was charged is not punishable by death or imprisonment at hard labor. Nor was there “actually” imposed on him after his conviction a fine exceeding $300 or imprisonment exceeding six months. (Italics ours.)
True, the sentence under consideration provided that if the defendant failed to pay the $300 fine he was to serve an additional six months in the parish jail. But, according to our well established jurisprudence, that default provision did not amount to the “actual” imposition of a term of imprisonment. State v. Hamilton, 128 La. 91, 54 So. 482; State v. Mitchell, 137 La. 1098, 69 *413 So. 851; State v. Roy, 152 La. 933, 94 So. 703; State v. Guillory, 162 La. 870, 111 So. 263, and State v. Laborde, 214 La. 644, 38 So.2d. 371.
The appeal is dismissed.