131 So.2d 43

STATE of Louisiana

v.

Theodore KELLY.

No. 45517.

May 29, 1961.

Rehearing Denied June 29, 1961.

Nathan A. Cormie, Chris J. Roy, Lake Charles, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Jennings, Alfred R. Ryder, Asst. Dist. Atty., Oberlin, for opponent.

FOURNET, Chief Justice.

When this case was previously before us on defendant's appeal from his conviction and sentence for violating the state gambling statute we dismissed the appeal for the reason that the record as made up reflected this court's lack of jurisdiction.[1]

1. The sentence imposed, as reported in the record, condemned the defendant to

"serve fifteen (15) days in the parish jail and pay a fine of three hundred

However, upon the showing made in the application therefor that a typographical error had been made in preparing the record, which, as corrected, shows that a fine in excess of $300.00 was actually imposed [2] and consequently this court had jurisdiction, the defendant was granted a writ in order to review the errors allegedly committed during the trial.

During the course of the trial three Bills of Exceptions were reserved to the ruling of the trial judge: the first, when the judge overruled defendant's objection to proceeding with the trial claiming that the court was not duly constituted for the reason that there was no clerk to make the necessary record of the proceedings; the second, when he overruled defendant's motion for a directed verdict; and the third when he overruled defendant's motion for a new trial. The latter two exceptions are based on the contention that there is no evidence to prove the essential elements of the crime as charged.

The first bill is clearly without merit in the light of the express provision of Act 422 of 1956,[3] relative to city courts in wards of more than five thousand inhabitants, that "the judge shall be his own clerk and shall keep a docket record of the proceedings in the civil and criminal cases." Under the provisions of the act it is only when the population of the territorial jurisdiction in which such court is situated exceeds 10,000 inhabitants that the judge is required to appoint a clerk. As stated by the trial judge in his per curiam, the 1950 census showed a population of 9,560 in Ward Five of Allen Parish in which Oakdale is situated. Furthermore, the defendant provided a qualified court reporter, who, with leave of the court, reported the proceedings.

While this court is without appellate jurisdiction to review questions of fact, nevertheless, when as here the exceptions are based on the contention that there is a total lack of evidence to support the

($300.00) Dollars and in case the defendant should fail to pay the Three Hundred ($300.00) fine to serve an additional six (6) months in the parish jail." See State of Louisiana v. Kelly, 240 La. 923, 125 So.2d 412, and authorities therein cited.

2. According to the corrected record, the fine actually imposed $350.00, and consequently this court had appellate jurisdiction under the provisions of Louisiana Constitution Art. 7, Sec. 10.

3. The cited act, in force at the time of trial, amended and re-enacted Section 1870 of Title 13, Louisiana Revised Statutes of 1950. Although Act 326 of 1956 was held in State ex rel. Saint v. Toups, La.App., 95 So.2d 55, to be the special act covering the same subject matter, inasmuch as the quoted provision is not in conflict with any provision of that act, Act 422, being a later expression of the legislative will, controls on this issue. The preceding acts, formerly R.S. 13:-1870 through 13:2483.17 were repealed by Act 32 of 1960, and new sections R.S. 13:1871 through 13:2162 were enacted and substituted therefor. The pertinent portion of the supplanting act, now R.S. 13:1884, is essentially the same as the

conviction the issue becomes one of law reviewable on appeal.[4] However, the defendant failed to annex to and make a part of his bills, numbered two and three, the note of evidence taken down and transcribed by the reporter and it is therefore not properly before us for consideration.[5]

For the reasons assigned the writ heretofore granted is hereby recalled.

previous act, providing: "Where the population of the territorial jurisdiction of the court is 10,000 or less, the judge shall be his own clerk."

4. State v. Holder, 1925, 159 La. 82, 105 So. 232; State v. McDonell, 1945, 208 La. 602, 23 So.2d 230 and authorities

therein cited; State v. Heiman, 1955, 227 La. 235, 79 So.2d 78.

5. State v. LeBleau, 1943, 203 La. 337, 14 So.2d 17, and authorities therein cited; State v. Honeycutt, 1950, 218 La. 362, 49 So.2d 610; State v. Brown, 1959, 236 La. 562, 108 So.2d 233.