131 So.2d 44

**STATE of Louisiana**

v.

**Charleston WHITE.**

No. 45516.

May 29, 1961.

Rehearing Denied June 29, 1961.

Nathan A. Cormie, Chris J. Roy, Lake Charles, for relator.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Jennings, Alfred R. Ryder, Asst. Dist. Atty., Oberlin, for opponent.

SUMMERS, Justice.

This case was previously before this Court on appeal under Docket No. 45,190 and the appeal was dismissed for the reason that the record failed to show that "a fine exceeding three hundred dollars or imprisonment exceeding six months (had) been actually imposed." (Louisiana Constitution of 1921, Article 7, Section 10, LSA). See State of Louisiana v. White, 240 La. 926, 125 So.2d 413. In dismissing the appeal on that occasion we stated that we lacked authority to transfer the appeal to the District Court, as LSA–R.S. 13:4441 was applicable, citing City of New Orleans v. Brady, 236 La. 789, 109 So.2d 95. We were then unaware of and counsel did not direct our attention to the amendment to LSA–R.S. 13:4441 by Act 38 of 1960, which grants authority to transfer any case to the court where the appeal properly lies.

Subsequent to dismissal, Charleston White applied to this Court for writs of certiorari, prohibition and mandamus alleging that there was error in the transcript in that the amount of the fine was in fact $350 in lieu of $300 as shown, and seeking mandamus directed to the trial judge to correct the error.

In his answer to the application for supervisory writs, the Judge of the City Court of Oakdale stated that a typographical error had been made in preparing the records and a fine of $350 was actually imposed. The record is therefore corrected to reflect that the fine imposed was $350 and hence this matter is one over which this Court had appellate jurisdiction. See Louisiana Constitution of 1921, Article 7, § 10. We, therefore, granted writs to review the alleged errors.

Three Bills of Exceptions were reserved by defendant to rulings of the Trial Court.

Bill of Exceptions Number One was reserved at the time of arraignment and prior to trial when counsel for defendant required the Clerk of Court to inscribe the record to reveal that he appeared with defendant at arraignment and represented him in the proceedings, whereupon counsel for defendant was informed by the Court that there was no Clerk and that the Judge was both Judge and Clerk. Counsel for defendant then objected to further proceedings assigning as reason therefor that the City Court of Oakdale was not properly constituted inasmuch as there was no Clerk provided therefor. This objection was overruled and a Bill of Exceptions was reserved.

The ruling complained of is correct in view of the provisions of Act 422 of 1956, LSA–R.S. 13:1870, then in effect providing that the Judge shall be his own clerk in wards of less than ten thousand inhabitants. The per curiam further finds that the census for 1950 establishes the population of Ward Five, Allen Parish, to be 9,560 persons and that no census has been made since.

Bills of Exceptions Numbers Two and Three do not have annexed thereto and made part thereof the transcript of the testimony which is relied upon to support the contention that there is no evidence to support a conviction. The evidence not being made part of the Bills of Exceptions we are denied an inquiry into whether there is any evidence at all to sustain a conviction. Code of Criminal Procedure, Article 498 et seq., (LSA–R.S. 15:498 et seq.); State v. Nomey, 204 La. 667, 16 So.2d 226; State v. Holder, 159 La. 82, 105 So. 232; State v. McDonell, 208 La. 602, 23 So.2d 230; State v. Gani, 157 La. 231, 102 So. 318; State v. Garner, La., 128 So.2d 655.

Accordingly, the conviction and sentence are affirmed.