SANDERS, Justice.
 

 The City Court of Jennings convicted the defendant of simple assault in violation of LSA-R.S. 14:36. It sentenced him to pay a fine of $50 and court costs or to serve 30 days in the parish jail, and in addition to serve 90 days in the parish jail. The defendant filed a motion for a suspensive appeal to the Thirty-First Judicial District Court. The motion was denied. Whereupon, the defendant reserved a bill of exception and applied to this Court for writs. We granted a writ of certiorari with an order directed to the Judge of the City Court to grant the appeal or show cause why the relief sought by the relator should not be granted. The respondent judge elected to answer, and the record is now before us for review.
 

 The relator contends that he is accorded a right of appeal to the district court by the provisions of Article VII, Section 36, of the Louisiana Constitution, LSA. Opposing the appeal, the respondent judge contends that an appeal to the district court is not authorized in the instant case because it is a prosecution for violation of a state statute, of which the district court has concurrent original jurisdiction. If the case
 
 *793
 
 had been heard in the district court, no appeal would be available. The appellate jurisdiction of the district court, he asserts, extends only to violations of parochial or municipal ordinances of which city courts have exclusive original jurisdiction.
 
 [1]
 

 The issue presented for decision is whether a defendant convicted in a city court of a misdemeanor in violation of state law is entitled to an appeal to the district court when the penalty actually imposed is a fine not exceeding $300 or imprisonment not exceeding six months.
 

 LSA-R.S. 13:1896 provides in part:
 

 “Appeals in all criminal cases tried in city courts are allowed as provided in Article VII, Sections 10 and 36 of the Constitution * *
 

 Section 10(5) of Article VII of the Constitution governs appeals to the Supreme Court in criminal cases :
 

 “The following cases only shall be appealable to the Supreme Court:
 

 “(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.”
 

 Section 36 of this Article provides:
 

 “The district courts have appellate jurisdiction, except as otherwise provided in this Constitution, of the following cases: * * * all appeals from sentences imposing a fine or imprisonment by a mayor’s court or by a city or municipal court * *
 

 In making a determination of the appellate jurisdiction of criminal cases from city courts, these constitutional sections must be considered together. They effectively partition the appellate jurisdiction of such cases between the Supreme Court and district court.
 

 Under the first section, the Supreme Court has jurisdiction of appeals from city courts in all criminal cases in which the court has
 
 actually
 
 imposed a fine exceeding $300 or imprisonment exceeding six months. State v. Kelly, 240 La. 923, 125 So.2d 412; State v. White, 240 La. 926, 125 So.2d 413.
 
 [2]
 

 Under Section 36, it is clear that an appeal to the district court is authorized
 
 *795
 
 from all other criminal sentences by a city court imposing a fine or imprisonment. The right of appeal is linked to the gravity of the sentence rather than the nature of the offense. No distinction is made between offenses violative of state law and those contravening municipal ordinances.
 
 [3]
 

 The respondent urges that such appeals will result in burdensome delays and otherwise impede the orderly administration of justice by necessitating trials
 
 de hqvo
 
 in the district court. These are policy considerations of considerable cogency. Doubtless, they are of legislative significance. In the judicial process, however, they cannot prevail against the explicit provisions of the organic law according the right of appeal.
 

 We hold that the relator is entitled to an appeal to the district court.
 

 For the reasons assigned, it is ordered that a writ of mandamus issue herein directing Honorable H. O. Lestage, Jr., Judge of the City Court of Jennings, Louisiana, to grant to relator, J. B. Lanthier, a suspensive appeal in this proceeding to the Thirty-First Judicial District Court in and for the Parish of Jefferson Davis, State of Louisiana.
 

 [1]
 

 . Town of Sulphur v. Stanley, 207 La. 1075, 22 So.2d 655 and City of Shreveport v. Moore, 219 La. 604, 53 So.2d 783 involved such appeals from sentences for violation of municipal ordinances.
 

 [2]
 

 . See also State v. Kelly, La.App., 131 So.2d 43, and State v. White, La.App., 131 So.2d 44.
 

 [3]
 

 . In State v. White, 240 La. 926, 125 So.2d 413, 414, this Court stated (although it was not necessary for the decision) that an appeal in a criminal case such as this would properly lie to the district court.