152 So.2d 540

**CITY OF SHREVEPORT**

v.

**Tommy E. SANDERS.**

No. 46346.

April 29, 1963.

Wilson, Abramson, Maroun & Kaplan, Shreveport, for defendant-appellant.

J. N. Marcantel, City Atty., H. Dan Sawyer, Asst. City Atty., for plaintiff-appellee.

SANDERS, Justice.

The defendant has appealed from his conviction in the City Court of Shreveport of a violation of Section 11–82 of the Shreveport City Code, which prohibits swimming, bathing, or wading in the waters of Cross Lake. The court imposed a fine of $150.00.

■ As á basis for invoking the appellate jurisdiction of this Court, the defendant asserts that the City Court of Shreveport has declared LSA–R.S. 13:1894, as amended, and LSA–R.S. 13:1951 unconstitutional.[1] An examination of the decision discloses this to be in error. The City Court found these statutes to be inapplicable to the legal issue presented. It made no holding of unconstitutionality. Moreover, the instant appeal does not fall within any of the other classifications of Article 7, Section 10 of the Louisiana Constitution, fixing the appellate jurisdiction of this Court. We conclude that this Court is without jurisdiction of the appeal.

■ The appeal properly lies to the district court.[2] Accordingly, under the authority vested in this Court,[3] the appeal will be transferred to the district court.

For the reasons assigned, it is ordered that this appeal be transferred to the First Judicial District Court, provided the record is filed in that court within 30 days after this decree has become final, otherwise the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellant.

1. See Article 7, Section 10(2), LSA–Constitution of Louisiana.

2. Article 7, Section 36 of the Louisiana Constitution; LSA–R.S. 13:1896; State v. Lanthier, 241 La. 790; 131 So.2d 790.
3. LSA–R.S. 13.4441, as amended by Act No. 38 of 1960.