204 So.2d 769

**STATE of Louisiana**

v.

**Salvador CUMMING.**

No. 48896.

Dec. 11, 1967.

as to him as he did not apply for writs to this court from the judgment of the Court of Appeal.

Price & Francipane, Richard T. Regan, Metairie, for relator.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Samuel W. Ethridge, Asst. Dist. Atty., for respondent.

HAWTHORNE, Justice.

We granted certiorari in this case to review a judgment or ruling of the Twenty-fourth Judicial District Court dismissing for lack of appellate jurisdiction the appeal of Salvador Cumming from his conviction in the First Parish Court, Parish of Jefferson, for the crime of simple battery, a state offense denounced by R.S. 14:35. Upon conviction in the parish court Cumming was sentenced to pay a fine of $150.00 and costs, and was also given a sentence of six months in jail, which was suspended.

The First Parish Court, Parish of Jefferson, was created by the following constitutional and statutory enactments: The Legislature in 1962 by Act 537 proposed an amendment to Article 7 of the Louisiana Constitution by the addition of a new section to be designated as "51(a)", and this legislation was adopted as a constitutional amendment on November 6, 1962. The amendment authorized the Legislature, among other things, to create parish courts in the Parish of Jefferson, to fix their boundaries, and to provide for their jurisdiction, with civil jurisdiction not to exceed the value or sum of $1000.00 and criminal jurisdiction to be limited to the trial of of-

fenses not punishable by imprisonment at hard labor under the laws of this state.

Acting pursuant to this authority, the Legislature in 1962 adopted Act 484, R.S. 13:2561.1 et seq., which was to become effective when the constitutional amendment was adopted, creating a court known as "the First Parish Court for the Parish of Jefferson, State of Louisiana," to comprise all of that territory in the Parish of Jefferson lying east of the Mississippi River. This act in Section 3 provides that the First Parish Court for the Parish of Jefferson "shall have criminal jurisdiction concurrent with that of the district court, for the trial of all persons charged with offenses or crimes committed within its territorial boundaries, but shall not include capital crimes or those crimes or offenses which are punishable by imprisonment at hard labor under the laws of this state". Section 11 of this act provides: *"Persons sentenced to fines or imprisonment may appeal to the 24th Judicial District Court, upon giving security for fines and costs, which appeals shall be tried de novo."* (Italics ours.)

Acting under the authority of Section 11 of the act creating the First Parish Court, Jefferson Parish, Cumming, relator here, appealed his conviction and sentence to the Twenty-fourth Judicial District Court. That court dismissed his appeal on the ground that it was without appellate jurisdiction of the case. The appellate jurisdiction of the district courts is fixed by Article 7, Section 36, of the Constitution, which gives to those courts appellate jurisdiction, among other things, of "all appeals from sentences imposing a fine or imprisonment by a mayor's court or by a city or municipal court", and the district judge reasoned that the First Parish Court of Jefferson Parish, not being a city or municipal court, was not one of the courts designated in this constitutional provision from which an appeal would lie to the district court.

The issue for our decision is whether the term "municipal court" as used in Article 7, Section 36, which fixes the appellate jurisdiction of the district courts, is broad enough to include within its meaning "parish court".

The joint resolution of the Legislature (Act 537 of 1962) proposed amending Article 7 of the Constitution by adding a new section designated as "51(a)". Article 7 contains headings or subheadings under which the various types of courts are grouped and listed, such as "Supreme Court", "Courts of Appeal", "District Courts", "Municipal Courts", etc. Although the Constitution itself provides (Article 22, Section 1, Paragraph 11) that the headings or subheadings are not to be construed as part of this Constitution, having been inserted only for convenience in reference, we note that Section 51(a) of Article 7, which authorized the creation of

parish courts in Jefferson, was placed under the heading "Municipal Courts". This, though not decisive, is at least persuasive that the term "municipal court" is broad enough to include "parish court".

The district judge gave a narrow interpretation to the word "municipal", but there is ample authority that "municipal" in its broad sense may apply to counties and parishes as well as to cities and towns. In 1915 this court in State v. Hagen, 136 La. 868, 67 So. 935, had occasion to construe the word "municipal" as used in our Constitution to modify "corporation", and after an exhaustive study and citation of numerous authorities it concluded that although many authors of legal treatises restrict the meaning of "municipal corporation" to incorporated cities, towns, and villages, "municipal" as used in our Constitution should be given a broad meaning so as to include "parish".

In that case a defendant who had been convicted in the district court of violating an ordinance of the police jury of Caddo Parish was contesting the validity of that ordinance. The case was appealed to this court, and the State moved to dismiss the appeal for lack of jurisdiction. Article 85 of the Constitution of 1913, in effect at that time, provided in part that the appellate jurisdiction of the Supreme Court should extend "to all cases in which the constitutionality or legality * * * of any fine, forfeiture, or penalty imposed by a

*municipal corporation*, shall be in contestation * * *". It was the contention of the State in its motion to dismiss that this provision did not vest jurisdiction in the court. because " * * * a parish is not a municipal corporation, within the meaning of the language above italicized, which language, it is said, must be confined in its application to cities, towns, and villages".

In denying the motion to dismiss this court said:

"We have shown that Chancellor Kent and the Supreme Court of the United States, long since, defined a municipal corporation to be a 'public corporation, created by the government for political purposes, and having subordinate local powers of legislation,' and that they included in the definition such political subdivisions as 'counties', though they were regarded as mere quasi corporations, without special charters, and with perhaps but feeble powers, and that lexicographers and text-writers are still making use of that definition; and we have also shown that a parish, under our system, is so well within the definition that it would be impossible to exclude it without doing violence to the plain meaning of plain English words. Why, then, may we not assume that the framers of our Constitutions have taken it for granted that the courts, in construing the language used by them, would accept the broader interpretation which had thus been given and accepted by others, rather than defeat the plain and

reasonable purpose of that language by adopting an interpretation which, apparently, with a view of distinguishing the subject of particular treaties [sic] on corporation law, has narrowed the application of the term 'municipal corporation' to a particular class of public corporations, though admittedly all such corporations, for some purposes, if not for others, fall within the meaning of that term, and, more particularly, since, as we have seen, new parishes can be created in this state only by the consent of the inhabitants, and, when created, are constituted 'bodies corporate,' thus eliminating the two main features which are said to distinguish 'counties' from 'municipal corporations proper.' "

For flexibility of the meaning of "municipal", see Black's Law Dictionary, De Luxe ed. 1944, pp. 1212, 1213; 61 C.J.S. verbo Municipal, p. 945; 1 McQuillen, Municipal Corporations, 3d ed. 1949, sec. 2.19, p. 471.

Courts of other states have held that the word "municipal" is susceptible of a broad interpretation so as to include "county." State ex rel. Schneider v. Midland Investment & Finance Corporation, 219 Wis. 161, 262 N.W. 711; Skil Corporation v. Korzen, 32 Ill.2d 249, 204 N.E.2d 738; Wapello County v. Ward, 257 Iowa 1231, 136 N.W.2d 249.

No "Municipal Courts", as such, were authorized by the Constitution as adopted in 1921, so that the term cannot be regarded as applying only to a particular court or courts. It is at least susceptible therefore of an interpretation broad enough to include all local courts of limited jurisdiction authorized to impose sentences of fines or imprisonment. Following the reasoning of the court in State v. Hagen, supra, we conclude that the term "municipal court" as used in Article 7, Section 36, should be construed in a broad sense so as to include "parish court", and that the legislative act giving an appeal from the parish court of Jefferson Parish to the Twenty-fourth Judicial District Court is not in conflict with Article 7, Section 36.[1]

For the reasons assigned the judgment of the Twenty-fourth Judicial District Court dismissing the appeal of the relator Salvador Cumming is annulled and set aside, and the case is remanded to that court for further proceedings.

1. If the penalty imposed by the parish court had been a fine exceeding $300.00 or imprisonment exceeding six months, the appeal would have been to the Supreme Court. See Art. 7, Sec. 10(5), La. Const. of 1921; State v. Lanthier, 241 La. 790, 131 So.2d 790.