MOTION TO TRANSFER
HAMITER, Justice.
Amos Seals, Jr., the defendant herein, was charged in the First Parish Court, Parish of Jefferson, with the illegal carrying of weapons in violation of LRS 14:95. He was tried, found guilty, fined $450, and sentenced to spend three months in the Parish Prison as well as an additional three months imprisonment in the event of failure to pay the fine. He is appealing.
Following the lodging of the transcript here the defendant moved to transfer the cause to the Twenty-fourth Judicial District Court, he contending that by virtue of the provisions of LRS 13:2561.11 and of Article VII, Section 36 of the Constitution of Louisiana the appeal properly lies in that tribunal where he can obtain a trial de novo. (It appears from defendant’s brief that following the conviction and sentence he moved orally to appeal to the Twenty-fourth Judicial District Court. The motion was denied by the trial judge.)
We find no merit in the motion to transfer which alone is presently before us.
The creation of the First Parish Court, Parish of Jefferson, was authorized by a constitutional amendment adopted in 1962, it having been designated as Section 51(A) of Article VIL No reference to appeals from the judgments of such court is contained therein. Consequently, the ap *907 pellate jurisdiction- over cases arising in that court is governed by the constitutional provisions dealing with appellate jurisdiction generally.
Article VII, Section 10 of our Constitution provides, among other things, that: “The appellate jurisdiction of the Supreme Court shall also extend to criminal cases * * * where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed.” (Italics ours)
Article VII, Section 36 provides: “The District Courts have appellate jurisdiction, except as otherwise provided in this Constitution, of the following cases: * * * all appeals from sentences imposing a fine or imprisonment by a mayor’s court or by a city or municipal court. These appeals shall be tried de novo and without juries. * * * ” (Italics ours)
In State v. Cumming, 251 La. 416, 204 So.2d 769 we held that parish courts such as the First Parish Court, Parish of Jefferson, were contemplated within this last quoted section. ■ However, the appellate jurisdiction conferred by it on the district courts, over cases tried in parish courts, is not applicable to appeals in criminal cases where the fines imposed are in excess of $300, as here, this because the appellate jurisdiction in such a case is provided for otherwise in the Constitution. That is, under Article VII, Section 10 (above quoted) the jurisdiction lies in this court.
As we observed in State v. Lanthier, 241 La. 790, 131 So.2d 790 these constitutional provisions “* * * effectively partition the appellate jurisdiction of such cases between the Supreme Court and district court.”
It is true that when the legislature, pursuant to the authority of Article VII, Section 51(A), created the First Parish Court for the Parish of Jefferson by Act 484 of 1962 (LRS 13:2561.11 et seq.) the said enactment provided: “Persons sentenced to fines or imprisonment may appeal to the 24th Judicial District Court, upon giving security for fines and costs, which appeals shall be tried de novo.” However, our courts are authorized, and their respective jurisdictions circumscribed, by the Constitution. The legislature may not, by statute, alter such jurisdiction. Meyer v. Board of Trustees of Firemen’s Pension and Relief Fund for City of New Orleans, 199 La. 633, 6 So.2d 713, Succession of Dyer, 184 La. 251, 166 So. 68, City of New Orleans v. Riisse, 164 La. 369, 113 So. 879.
We note, in passing, that in 1966 when the Second Parish Court for the Parish of Jefferson was created, by Act 5 of that year (LRS 13:2562.1 et seq.), the section dealing with appeals from such court followed the mentioned constitutional provi *909 sions of Article VII, Section 10. See LRS 13:2562.11.
Defendant somehow conceives that he is deprived of due process hy the fact that others charged similarly as himself would have appeals to the district court if their fines are $300 or less. There is no merit in this contention. We recognized in State v. Lanthier, supra, that “the right of appeal is linked to the gravity of the sentence rather than the nature of the offense.” And the constitutional provisions relative to appeals are applied indiscriminately to all persons convicted. In every instance when the fine exceeds $300 or six months imprisonment the appeal must be made to this court. We find no lack of due process.
For the reasons assigned the motion to transfer is denied.