SUMMERS, Justice.
Defendant, Leon J. Greff, was arrested in Jefferson Parish east of the Mississippi River on September 22, 1967, and charged by the District Attorney of the Twenty-Fourth Judicial District in a four. count bill of information with resisting an officer in violation of Criminal Code Article 108, simple battery in violation of Article 35, simple assault in violation of Article 38 and reckless operation of a motor vehicle in violation of Article 99, all misdemeanors under State law.
After trial, defendant was found-guilty on all four counts. He was sentenced for the offense of resisting an officer to pay a fine of $450 and serve four months in the parish *214 jail and to serve an additional four months in the event of his failure to pay the fine. The sentences imposed as a result of the convictions on the other three counts did not exceed fines of $300 or - imprisonment of six months.
An oral motion for appeal was entered on behalf of defendant, and bail bond was fixed pending appeal. Thereafter the Court ordered the record of the conviction for resisting an officer lodged in the Supreme Court. In the other three convictions involving lesser punishments, the appeal was ordered to the District Court of Jefferson Parish.
It is defendant’s contention that the appeal from the conviction for resisting an officer involving a fine exceeding $300 was erroneously lodged in' this Court. He asserts that the appeal should properly be lodged in the Twenty-Fourth Judicial District Court of Jefferson Parish, where defendant is entitled to a trial de novo in the matter.
The authorities relied upon to support these contentions are Sections 2561.1 and 2561.11 of Title 13 of the Revised Statutes and Article VII, Section 10(5) of the Constitution.
There is hereby created a court to be known and designated as the First Parish Court for the Parish of Jefferson, State of Louisiana the territorial boundaries of which shall be Wards 7, 8, 9 and 10, of the Parish of Jefferson, which is composed of all that territory in the parish of Jefferson lying east of the Mississippi River. La.R.S. 13:2561.1
Persons sentenced to fines or imprisonment may appeal to the 24th Judicial District Court, upon giving security for fines and costs, which appeals shall be tried de novo. La.R.S. 13:2561.11 (Emphasis added.)
The Supreme Court has control of, and general supervisory jurisdiction over all inferior courts.
The following cases only shall be appealable to the Supreme Court:
(5) Criminal cases in which the penalty of death or imprisonment at hard labor may be imposed, or in which a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed. La.Const. art. VII, § 10(5). (Emphasis added.)
The district courts have appellate jurisdiction, except as otherwise provided in this Constitution, of the following cases: * * * all appeals from sentences imposing a fine or imprisonment by a mayor’s court or by a city or municipal court.
The contention raised has hertofore been answered "by this Court. In State v. Lan *216 thier, 241 La. 790, 794, 131 So.2d 790, 792 (1961), in considering an appeal from the City Court of Jennings, referring to the quoted constitutional clauses, Mr. Justice Sanders wrote:
In making a determination of the appellate jurisdiction of criminal cases from city courts, these constitutional sections must be considered together. They effectively partition the appellate jurisdiction of such cases between the Supreme Court and district court.
Under the first section, the Supreme Court has jurisdiction of appeals from city courts in all criminal cases in which the Court has actually imposed a fine exceeding $300 or imprisonment exceeding six months. State v. Kelly, 240 La. 923, 125 So.2d 412; State v. White, 240 La. 926, 125 So.2d 413.
Under section 36, it is clear that an appeal to the district court is authorized from all other criminal sentences by a city court imposing a fine or imprisonment. The right of appeal is linked to the gravity of the sentence rather than the nature of the offense. No distinction is made between offenses violative of state law and those contravening municipal ordinances.
Later in considering an appeal from the First Parish Court, Parish of Jefferson to the Twenty-fourth Judicial District Court, the identical courts involved here, we decided State v. Cumming, 251 La. 416, 204 So.2d 769 (1967). We said there that the term “municipal court” as used in Article VII, Section 36 of the Constitution is broad enough to include within its meaning “parish court”.
Thus the appeal in the resisting an officer charge is properly before this court.
The other issue presented involves an obj ection to a continuance granted by the trial court, which was overruled in violation of Article 708 of the Code of Criminal Procedure providing that a continuance shall not be granted after the trial has commenced.
In his per curiam the trial judge advises that a bill of exceptions was not reserved as required by Article 841 of the Code of Criminal Procedure. The article is decisive of the issue. It provides in pertinent part:
An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.
Since neither of the contentions raised on appeal has merit, the conviction and sentence are affirmed.
FOURNET, C. J., did not participate.