PER CURIAM.
The defendant, William J. Bernos, appeals from a conviction of operating a vehicle while intoxicated, La.R.S. 14:98, for which he was sentenced to pay a fine of sufficient amount to give this court appellate jurisdiction of this misdemeanor conviction.
After lodging his appeal in this Court, the defendant moved to transfer the cause to the Twenty-fourth Judicial District Court for the purpose of obtaining a trial de novo. He alleges there are no questions of law presented on appeal, and that he desires a review of the facts, which is only available in the district court.
 Under our Louisiana Constitution the right to appeal is linked to the gravity of the sentence rather than the nature of the offense, and this Court has appellate *1111 jurisdiction in misdemeanor convictions where, as here, the fine actually imposed exceeds $300. La.Const. art. VII, sect. 10. State v. Seals, 254 La. 904, 228 So.2d 310 (1969) has already decided defendant’s contention adversely to him. La.Const. art. VII, sect. 36 fixes the appellate jurisdiction of the district courts giving them jurisdiction over appeals from municipal courts “except as otherwise provided in this Constitution.” In this case, because the fine exceeds $300, jurisdiction of the district courts over this misdemeanor case is “otherwise provided” by Article VII, section 10. The motion must be denied.
The defendant contends that such differentiation in appellate treatment offends due process. In State v. Seals, cited above, we rejected this contention. It likewise does not offend equal protection guarantees, because as stated in State v. Seals, “The constitutional provisions * * * are applied indiscriminately to all persons convicted.” 228 So.2d 311.
In this appeal, the defendant has perfected no bills of exceptions. We are therefore limited on appeal to a review of the pleadings and proceedings for errors discoverable. La.C.Cr.P. art. 920; State v. Ash, 257 La. 337, 242 So.2d 535 (1971). We find none.
The conviction and sentence are affirmed.