430 So.2d 1294 (1983)
STATE of Louisiana
v.
Arnold OLINEY.
No. 82 KA 0866.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee by Glen Petersen, Asst. Dist. Atty.
Georgia Wilemon, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
CARTER, Judge.
The defendant, Arnold Oliney, was convicted by a six-person jury with having committed simple burglary of a residence in violation of La.R.S. 14:62. He was sentenced to serve three years at hard labor in the custody of the Louisiana Department of Corrections. Defendant appeals assigning as error the acceptance by the trial court of a jury verdict based on insufficient evidence.

SPECIFICATION OF ERRORSUFFICIENCY OF THE EVIDENCE
Defendant contends that the trial court erred when it accepted a verdict based on insufficient evidence. This argument has no merit since a trial judge is not empowered with the discretion to accept or reject a verdict of the jury, unless the verdict does not comply with the form and/or procedural requirements. See Louisiana Constitution of 1974, Article 1 § 17 and Louisiana Code of Criminal Procedure, Articles 809-820.
*1295 Defendant next argues that the evidence offered by the prosecution was not sufficient to prove that he was guilty beyond a reasonable doubt of each element of the crime of simple burglary viewing the evidence in the light most favorable to the prosecution.
In State v. Mathews, 375 So.2d 1165 (La.1979), a majority of the Louisiana Supreme Court determined that the United States Supreme Court case of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Louisiana Supreme Court has indicated that this appellate review of the evidence by a state court is required by the due process clause of the Fourteenth Amendment of the United States Constitution. State v. Graham, 422 So.2d 123 (La.1982).[1] When reviewing a conviction based upon circumstantial evidence, it must be determined that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. La.R.S. 15:438; State v. Ennis, 414 So.2d 661 (La.1982); State v. Austin, 399 So.2d 158 (La.1981).
The crime of simple burglary is defined in La.R.S. 14:62, as follows:
§ 62. Simple burglary
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
The elements to be proved by the State are: (1) unauthorized entry into a dwelling in question, and (2) that defendant had the requisite specific intent to commit a theft or felony therein. See State v. Tennant, 352 So.2d 629 (La.1977), cert. denied, 435 U.S. 945, 98 S.Ct. 1529, 55 L.Ed.2d 543.
In State v. Dickerson, 353 So.2d 262 (La. 1977), overruled on other grounds in State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court, discussing specific intent relative to a burglary prosecution, determined that intent, being subjective in character, need not be proven as a fact in a burglary prosecution and may be inferred from circumstances of the transaction. LSA-R.S. 14:62; LSA-R.S. 15:445; see also, State v. Moore, 302 So.2d 284 (La. 1974); State v. Kado, 300 So.2d 461 (La. 1974).
Defendant argues that evidence of "specific intent to commit a theft or felony therein" as offered by the prosecution was insufficient because of defendant's testimony that he had no knowledge that the entry was not authorized and further that he should not be charged with knowledge of lack of valid permission to remove the air conditioning unit from the dwelling. However, the defense offered absolutely no evidence to corroborate the appellant's testimony. The appellant and his co-defendant both admitted to entering the screened porch of the unoccupied dwelling without permission of the owner of the dwelling and both admitted they removed one air conditioning unit and placed it in the car with intent to keep it. The owner of the unoccupied house testified that one and possibly two air conditioning window units were removed from the house without authorization *1296 of the owner and that one of these units was found in the car in the possession of the appellant and his co-defendant. The owner of the house further testified that she had not given permission to anyone to enter the unoccupied premises, had not given permission to anyone to remove the air conditioning units, and that she had never seen either of the defendants before. The testimony of one of the arresting officers established that the physical condition of the window from which an air conditioning unit had been removed was such that the dust had been freshly disturbed, that there were finger prints and black finger marks around the window, that there was dirt collected on the floor below the window, all evidencing the apparently recent removal of a window air conditioning unit.
Viewed in the light most favorable to the prosecution, the evidence in the record before us on appeal is clearly sufficient to support the jury's finding that the defendant made an unauthorized entry into another's dwelling with the specific intent to commit a theft.
This assignment of error is clearly without merit.

DECREE
The defendant's conviction and sentence are affirmed.
AFFIRMED.
LOTTINGER, COLE and CARTER, Judges, specially concurring.
CARTER, Judge.
We concur in the result reached in this case but do not adhere to the proposition that this court had jurisdiction to review facts in criminal cases. See the Specially Concurring opinion, State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983).
We are in complete agreement with our Brethren, Judges Covington, Lanier and Alford, as set forth in the Specially Concurring opinion in State v. Ruple, supra. Judge Lanier, writing for the Court, most ably and succintly set forth our position in this Specially Concurring opinion. Judge Lanier stated:
"By an express constitutional mandate, this court has no jurisdiction to review questions of fact in criminal cases. The Louisiana Supreme Court has consistently held in determining criminal appellate jurisdiction that where there is no evidence of an essential element of a crime, a question of law is presented that can be reviewed. Where there is some evidence of an essential element of a crime a question of the sufficiency of the evidence is presented which is an issue of fact over which there is no jurisdiction. State v. Marcal, 388 So.2d 656 (La.1980); State v. Williams, 383 So.2d 369 (La.1980); State v. Hudson, 373 So.2d 1294 (La.1979); State v. Victor, 368 So.2d 711 (La.1979); State v. Rollins, 351 So.2d 470 (La.1977); and State v. Madison, 345 So.2d 485 (La. 1977). This jurisprudence was the law governing what was a question of law and a question of fact for determining jurisdiction at the time that the Louisiana Constitution of 1974 was adopted. As indicated by the convention discussion of this concept, this law was continued without substantive change. This jurisprudence has not been expressly overruled. Indeed, to do so would effect a substantial amendment to the Louisiana Constitution without a vote of the people as is required by Article 13 of the Constitution.3
In State v. Graham, 422 So.2d 123, 129 (La.1982), the Louisiana Supreme Court held as follows:
`The Due Process Clause of the Fourteenth Amendment requires this court to review the evidence upon which a criminal conviction is based to determine whether it is minimally sufficient. A defendant has not been afforded due process, and his conviction cannot stand, unless, viewing the evidence in *1297 the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).' (Emphasis added).
The foundation case for this line of jurisprudence is State v. Mathews, 375 So.2d 1165 (La.1979). In Mathews at page 1168 of the Southern Reporter appears the following:
`Thus, in Jackson, the United States Supreme Court held that due process requirements of the federal constitution are offended by a lesser standard of review than that enunciated by it. Although the issue arose in terms of federal habeas review, the Jackson holding also applies, inferentially, to state or federal direct review, where due process would be equally offended by a lesser standard.'
Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) came from a State where there is no appeal as of right from a criminal conviction. See Jackson v. Virginia, supra, at page 2785 of the Supreme Court Reporter. Jackson was found guilty by a trial judge and took a writ to the Virginia Supreme Court which was denied. The United States Supreme Court did not comment on the constitutionality of the Virginia criminal appellate review scheme, and, obviously, made no comment about the constitutionality of the Louisiana criminal appellate review scheme. The specific holding of Jackson v. Virginia is found at page 2792 of the Supreme Court Reporter as follows:
`We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254if the settled procedural prerequisites for such a claim have otherwise been satisfiedthe applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'
We do not agree that Jackson v. Virginia mandates that state appellate courts or Louisiana appellate courts must have jurisdiction to review facts (sufficiency of evidence as opposed to absence of evidence) in criminal cases.4 Federal appellate due process does not require any appellate review. United States v. MacCollom, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973); Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Rheuark v. Shaw, 628 F.2d 297 (5th Cir.1980); Joensen v. Wainwright, 615 F.2d 1077 (5th Cir.1980); Martin v. Blackburn, 521 F.Supp. 685 (E.D.La.1981); and State v. Fletcher, 341 So.2d 340 (La.1976). As long as the appellate procedures granted by a state are indiscriminately available to all persons convicted, a state may limit appeals on its own terms. State v. Bernos, 260 La. 1108, 258 So.2d 371 (La.1972); 16A C.J.S. Constitutional Law § 594 at pages 688-691. Thus, in State v. Petterway, 403 So.2d 1157, 1161 (La.1981), the court observed:
`Furthermore federal due process does not require a state in criminal cases or otherwise to provide an appellate system. Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973). Due process only requires that such procedural rights, including appeal, as are instituted by law, be indiscriminately afforded each person attempting to exercise same. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).'
If federal due process does not require a state appellate system, how can federal due process require appellate review of facts? If a state appellate system indiscriminately *1298 affords each person using it only an appellate review of law, how is federal due process violated? Is the scope of appellate review in criminal cases provided for in Article 5, Sections 5(C) and 10(B) of the Louisiana Constitution unconstitutional under federal due process because it limits jurisdiction to questions of law? We have not found any federal jurisprudence that specifically addresses or answers these questions.
"We believe that the view expressed by Chief Justice Summers in his dissent in Mathews is correct. If it is determined that appellate courts in Louisiana should have jurisdiction to review the sufficiency of evidence (facts) in criminal cases for the proper administration of justice, a constitutional amendment should be submitted to the people to achieve that goal. The meaning and effect of the above constitutional provisions should not be changed jurisprudentially by inference, but only when there is a definitive judgment from the United States Supreme Court declaring that the Louisiana Constitutional scheme for the appellate review of criminal matters fails to meet federal constitutional due process muster. If federal courts wish to review the sufficiency of the evidence (facts) of all criminal convictions in state courts, that is their prerogative."
3 If reviewing the evidence (facts) to determine if it is sufficient to establish proof of each essential element beyond a reasonable doubt is a question of law, what then would constitute a question of fact?
4 We do agree that Jackson v. Virginia, supra, mandates that when a court, trial or appellate, has jurisdiction to review the sufficiency of evidence (facts) in a criminal case, the standard to be followed is that set forth in that opinion. For example, trial judges in Louisiana have jurisdiction to review the facts of a case when a motion for a new trial is made on the grounds that the verdict is contrary to the evidence (LSA-C.Cr.P. art. 851[1]) or when there is a motion for a judgment of acquittal in a trial before a judge alone. (LSA-C.Cr.P. art. 778). If the trial judge finds that insufficient evidence has been presented to satisfy the Jackson v. Virginia standard, a judgment of acquittal or an order for a new trial, as appropriate, can be entered. Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
NOTES
[1] Cf. State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983). See also, our Specially Concurring opinion in the instant case.