463 So.2d 1014 (1985)
STATE of Louisiana
v.
Joe JOSEPH.
No. CR84-506.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1985.
Writ Denied April 1, 1985.
*1016 John P. Navarre, Oakdale, for defendant-appellant.
Alfred R. Ryder, Dist. Atty., John A. Duck, Asst. Dist. Atty., Oakdale, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and KING, JJ.
DOMENGEAUX, Judge.
Defendant, Joe Joseph, was charged with the crime of armed robbery, a violation of La. R.S. 14:64. He was found guilty as charged by a unanimous jury and sentenced to serve 75 years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now perfects this appeal from his conviction and sentence alleging 10 assignments of error.

FACTS
On December 19, 1982, Joe Joseph and Arthur Bradley were parked in a truck outside of a game room in Oakdale, La. Around 8:30 P. M. three men in a brown car drove up next to them. Joseph got out of the truck and walked over to the brown car to talk to the three men. One of these men asked Joseph if he had any marijuana to sell. Joseph informed the man that he had none but could obtain some. The defendant then asked Janice Miles to go into the game room to purchase some cigarettes. When she returned from making the purchase, she saw the brown car driving away with Joseph in the back seat. According to Ms. Miles, Arthur Bradley then came up and asked her to drive him to a park on Ballard Road. She further stated that Bradley informed her that he was going to rob the three men in the brown car who had left with Joseph.
Ms. Miles dropped Bradley off two blocks from the park. At this point Bradley took a gun from under the seat of the automobile and asked Ms. Miles to return and pick him up in five minutes. By that *1017 time Joseph and the three men had already arrived at the park, and one of the men and Joseph had gotten out of the car. As Bradley walked up the street, the man who had gotten out of the car re-entered the vehicle. Joseph alleged that he "stood back" as Bradley approached the car. Joseph further claimed that Bradley approached the three men in the car and asked them if they had any money. It was Joseph's testimony that at this point Bradley stated that he was going to rob the three men. Joseph also claims that as one of the men began to hand Bradley something, Bradley shot all three men.
When Janice Miles returned to the park as she had been instructed to, she saw bodies hanging out of the brown car. She left to return to the game room and on her way she picked up Joseph. These two later picked up Bradley as he was running towards his house. According to Ms. Miles, Bradley was holding two wallets, had a pistol in his back pocket, and had blood on his legs.
The group eventually arrived at Emily Calhoun's house. There Bradley and Joseph entered the bathroom and Bradley washed out blood from his hands and emptied the wallets.
Later that night the brown car and the bodies which had no identification were found by the police. Several days later, two wallets were found in some nearby woods with the identification cards of the two dead men.

ASSIGNMENT OF ERROR NO. 1:
The defendant contends that the trial court erred in that the verdict is contrary to the law and evidence because the State's case was based on circumstantial evidence which did not exclude every reasonable hypothesis of innocence. The standard of review for a circumstantial evidence case was outlined in State v. Austin, 399 So.2d 158 (La.1981), as follows:
"... [W]hen we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded."
This defendant was charged with being a principal to armed robbery, a violation of La. R.S. 14:64, which provides:
"A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than 99 years, without benefit of parole, probation, or suspension of sentence."
A principal is defined in La.R.S. 14:24 as follows:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
The circumstantial evidence presented supports the conclusion that the defendant was a principal in the armed robbery. The defendant took an active role in the commission of the offense. Both Bradley and the defendant had contact with the men before the incident. The defendant and the victims drove to a secluded area at which Bradley later arrived. Unless the defendant had told him, Bradley would not have known that the group was driving to the park. Further, both men ran from the scene. After the defendant was picked up by Janice Miles, instead of reporting the incident as would an innocent bystander, Joseph drove to Bradley's house and picked him up as he was running from the scene of the crime. The men then discussed the wallets taken from the victims.
Expanding upon his first assignment of error in a supplemental brief the defendant argues that he should have been convicted of the lesser crime of simple robbery, inasmuch *1018 as he was not armed with a dangerous weapon. In support of his argument, defendant cites State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984), in which one robber who wielded a hammer found in the store was found guilty of armed robbery, whereas the other robber who made a motion with his hand in his jacket was found guilty of simple robbery.
The case before us, however, can be distinguished from State v. Smith. In State v. Smith, the robbers entered the store without any weapons and, thus, initially intended to commit simple robbery. Neither of the robbers knew of the hammer's existence until one robber spotted it in the store and decided to use it. In the case before us, however, Bradley took the gun to the park, the scene of the robbery, and did not merely find it there. Joseph drove the three victims to the park where he was met by Bradley.
It should further be noted that State v. Dominick, 354 So.2d 1316 (La.1978), holds that where the defendant was charged as a principle on the theory of aiding and abetting, he need not have personally held a weapon to be guilty of armed robbery. Therefore in the case sub judice, Joseph was guilty of armed robbery by aiding and abetting Bradley even though he did not actually hold the gun.
The inference of the jury that the defendant was a principal was reasonably based on the defendant's actions both prior to and subsequent to the robbery. The evidence presented did tend to exclude all innocent explanations of the defendant's actions. This assignment of error, therefore, has no merit.

ASSIGNMENT OF ERROR NO. 2:
The defendant contends that the trial court erred in allowing statements he made to be admitted into evidence. He claims that it was not proven that the statements were free and voluntary because the police officers failed to fully inform him.
Article 1, Section 13 of the Louisiana Constitution of 1974 provides:
"When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self-incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him...."
La.R.S. 15:451 reads as follows:
"Before what purposes* to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.
* Should be "purports". The Supreme Court, in quoting the section, has, at least twice, inserted "[purports]" following "purposes". See State v. Joseph, 1950, 217 La. 175, 46 So.2d 118; State v. Lanthier, 1943, 201 La. 844, 10 So.2d 638."
The record shows that the defendant was advised of the charges against him and that both of the statements were voluntary. Although one of the deputies interrogating Joseph could not remember specifically informing Joseph of the charge against him, he testified that it was customary to recite the charges before an interrogation. The other deputy interrogating Joseph testified that before the interrogation Joseph was informed that he was charged with armed robbery. Both deputies also testified that the defendant was read his rights and stated that he understood them.
The admission of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for purposes of admissibility will not be overturned on appeal unless they are not supported by the evidence. State v. Haynie, 395 So.2d 669 (La.1981); State v. Gaines, 354 So.2d 548 (La.1978). There is sufficient evidence in the record to support the trial judge's *1019 conclusions as to the admission of the confession and thus this assignment is without merit.

ASSIGNMENT OF ERROR NO. 3:
By this assignment the defendant claims that the trial court erred in allowing the State to introduce evidence about the autopsy and death of the victims. He claims this was not an essential element of the crime of armed robbery. The defendant contends that the pathologist's testimony on this subject was prejudicial.
In State v. Redwine, 337 So.2d 1041 (La.1976), a pathologist's testimony relating to medical reasons for death was not found prejudicial and was admissible to establish the use of force on the victim in an armed robbery prosecution. In the case before us the trial judge instructed the pathologist to testify only as to the cause of death. The pathologist therefore, described the points of entry of the bullets and the cause of death but did not give details of the autopsy. Here as in Redwine, the evidence about the autopsy and cause of death was not prejudicial and was relevant to the essential element of the crime of armed robbery, i.e., use of force. This assignment of error therefore, lacks merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5:
In his fourth assignment of error the defendant claims that the trial court erred in its refusal to declare a mistrial which he requested after several jurors examined the vehicle in which the victims were found. This action was taken without the court's permission. In assignment of error No. 5 the defendant further claims that the trial court erred in allowing the entire jury to view and examine the vehicle in which the victims were killed since that evidence did not relate to an element of armed robbery and that viewing the bullet riddled and bloody vehicle inflamed the jury.
The determination of the existence of unnecessary prejudice warranting a mistrial is a matter within the sound discretion of the trial judge. State v. Smith, 430 So.2d 31 (La.1983). The trial court's determination of the admissibility of evidence is also not to be disturbed in the absence of a clear showing of abuse of discretion. State v. Daigle, 440 So.2d 230 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 123 (La. 1984). After a review of the record we are convinced that the trial court did not abuse its discretion in not declaring a mistrial and allowing the entire jury to view the car.
At trial, during a recess, four jurors viewed the car involved in the crime which was parked behind the courthouse. After learning of the incident, instead of granting a mistrial, the trial judge suggested that all jurors examine the car.
This examination of the car by the jurors was not the first one. Earlier during the trial in order to prove the element of force in armed robbery, the State had introduced explicit photographs of the car. The photographs were taken at the scene of the crime, and some depicted the locations where the bullets penetrated the car.
The jurors viewing the car outside of the courthouse could not have prejudiced or inflamed them, since they had already studied detailed photographs of the car. The trial judge, therefore, properly exercised his discretion in not granting a mistrial and allowing the entire jury to view the car. These assignments of error therefore, lack merit.

ASSIGNMENT OF ERROR NO. 6:
The defendant contends that the trial court erred in admitting a videotape of the death vehicle with bodies dangling from it. He claims this was not necessary in an armed robbery prosecution and only served to inflame the jury.
The test for determining whether an alleged "gruesome" photograph is admissible is whether its probative value outweighs its possible prejudicial effects upon the jury. A photograph, as other evidence, must be relevant to the material issue before the Court. State v. Cooper, 334 So.2d 211 (La.1976); State v. Redwine, supra.
*1020 Joseph was prosecuted for being a principal to armed robbery of which the use of force is an element. Evidence tending to establish the use of force on the victim is a material issue in the State's case. The trial judge allowed the jury to view only a small section of a videotape showing that the shirt of one of the victims had been pulled off. The purpose of admitting this section was to establish the use of force.
In State v. Redwine, supra, the colored photograph of the dead body of the robbery victim was not considered so gruesome as to inflame the jury and was admitted to establish the use of force in an armed robbery prosecution. The photograph showed that the victim had been tied and revealed traces of blood on the victim's head, on the floor, and on the pillow used to muffle the gunshot. In Redwine the jury was not considered to have been inflamed by such photographs. Likewise the jury in this case can not be considered to have been inflamed by a section of videotape which was less gruesome.
In comparing the value of the videotape to its possible prejudicial effect we find that the probative value outweighed the inflammatory effect. Consequently, the trial judge did not err in admitting the section of the videotape. This assignment of error is therefore, nonmeritorious.

ASSIGNMENT OF ERROR NO. 7:
The defendant claims that the trial court erred in that the State of Louisiana throughout the entire trial continuously referred to triple homicides. It is his contention that this resulted in prejudice because he was being tried for armed robbery, not murder.
La.C.Cr.P. Art. 770 reads in part as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ..."
The State's having referred to the death of the three victims was intended to show the use of force, an element of armed robbery. This mention of the death, therefore did not constitute a reference to another crime. State v. de la Beckwith, 344 So.2d 360 (La.1977).

ASSIGNMENT OF ERROR NO. 8:
By this assignment the defendant alleges that the trial court erred in denying his motion for directed verdict at the conclusion of the State's case. He claims the State charged him with the armed robbery of three persons and failed to prove beyond a reasonable doubt that three persons were in fact robbed. More specifically the defendant claims that since only two wallets were recovered the State had failed to prove the fact that the third victim was actually robbed. It is thus his contention that the conviction cannot stand.
The standard of review to be applied in appellate review of the issue of sufficiency of the evidence to support a conviction is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the defendant was guilty.[1]Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Austin, 399 So.2d 158 (La.1981).
At trial, the State presented testimonial evidence that; (1) Defendant rode from the *1021 game room to the park where the crime was committed with three men. (2) That defendant's accomplice stated that he intended to rob all three men. (3) That the bodies of three victims were found in the car. (4) That none of the three victims found had any identification or any articles of value left in their possession.
In view of this testimonial evidence, it appears that when it is viewed in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that defendant did intend and actually did participate in the robbery of three persons.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 9:
By this assignment the defendant contends that the trial court erred in that it should have granted his motion for a mistrial because of the inflammatory and improper remarks of the district attorney in his rebuttal argument. He argues that the district attorney improperly referred to "killings".
LA.C.Cr.P. Art. 774 provides:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The State's rebuttal shall be confined to answering the argument of the defendant."
In interpreting the above Article the Louisiana Supreme Court in State v. Luckett, 327 So.2d 365 (La.1976), stated that if the evidence is properly admitted, it is not improper for the State to refer to that evidence in their closing argument. The Court further held that the use of the word "bloody" in a robbery prosecution was not inflammatory but rather constituted permissible comment on the evidence to show that the State had proven force or intimidation in the taking.
In State v. Luckett, supra, the references to bloody were considered to be comments on the evidence showing the use of force. Likewise the State's references in this case to the deaths of the three victims should also be considered to be comments on the evidence as to the use of force. During the trial evidence as to those deaths was admissible to show the use of force, thus references to those killings in the rebuttal arguments was permissible and not inflammatory. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 10:
By his last assignment of error the defendant claims the sentence imposed was excessive and as such constituted the imposition of cruel and unusual punishment.[2]
As to determining what is excessive punishment under the United States Eighth Amendment's prohibition against cruel and unusual punishment, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. A sentence has been determined to be excessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982); State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir. *1022 1983). However, due to the trial judge's unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of this discretion. Sepulvado, and Goodman, supra; State v. Forshee, 395 So.2d 742 (La.1981).
The trial judge having the benefit of a presentence investigation report determined that the defendant had previously been convicted of numerous other crimes. The court went on to point out that it was convinced that under the sentencing guidelines the defendant was in need of correctional treatment and that that could best be provided by incarceration in an institution. The trial court also determined that any lesser sentence would tend to deprecate the seriousness and multiplicity of the crimes which the defendant had committed.
We are unable to find any manifest error. The trial judge followed the sentencing guidelines and gave extensive reasons for the sentence imposed. Further the sentence is within statutory limits and follows the defendant's conviction of a most serious and heinous crime. Therefore we will not disturb this sentence on appeal.

DECREE
For the above and foregoing reasons defendant's conviction and sentence for the crime of armed robbery are affirmed.
AFFIRMED.
NOTES
[1] Although reviewing courts are obliged to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing" the triers of fact. See State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983), concurring opinion at 1321, and State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983), concurring opinion at 223, writ denied, 444 So.2d 1241 (La.1984).
[2] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983) concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.