GUIDRY, Judge.
The defendant, Aubrey Ray Williams, Jr., was charged by an amended bill of information with the crime of simple burglary, in violation of La.R.S. 14:62. On June 22, 1982, a six member jury found the defendant guilty as charged. The court sentenced the defendant, as a habitual offender, to serve twelve years. Defendant now appeals on the basis of one assignment of error.
FACTS
At approximately 9:30 p.m. on September 27, 1981, police were dispatched to respond to a silent alarm coming from the Children’s Clinic. Approximately 45 seconds after receiving the radio dispatch, police arrived at the building and secured it. Investigation revealed that a window next to one of the doors had been broken. There were partially opened drawers and closets inside the building and an unlocked door leading from inside the clinic to the rooftop. The defendant was found face down on the roof behind a skylight with a screwdriver and a pair of channel lock wrenches in his back pocket. His car was parked nearby. Shortly after his arrest, defendant admitted to the arresting officers that he had broken into the Children’s Clinic for the specific purpose of looking for drugs and money. He made a similar statement later that evening when he was brought in to the Lake Charles City Police Station.[1]
Defendant testified at trial that he had parked his car near a trash dumpster to fix the alternator belt and had been using the tools found in his back pocket for this purpose. He said that his cat jumped out of his car and climbed the tree near the building and that he climbed the tree and was on the rooftop looking for the cat.
ASSIGNMENT OF ERROR
Defendant alleges that the State’s evidence was insufficient to support a conviction in that the State failed to establish the essential elements of the crime.
In State v. Mathews, 375 So.2d 1165, the Louisiana Supreme Court adopted the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for reviewing the sufficiency of the evidence required to support a criminal' conviction. That standard is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
The Jackson standard is used when a conviction involves direct or indirect and circumstantial evidence. State v. Hebert, 444 So.2d 228 (La.App. 1st Cir.1983); State v. Washington, 421 So.2d 887 (La.1982). When reviewing a conviction based solely on circumstantial evidence, it must be determined that, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded. State v. Oliney, 430 So.2d 1294 (La.App. 1st Cir.1983); State v. Washington, supra; State v. Austin, 399 So.2d 158 (La.1981).
Defendant argues that only circumstantial evidence was used to convict him and that consequently the Austin standard should be used to review his conviction. This argument ignores the fact that the jury found that the defendant confessed committing the crime.[2] A confession is direct evidence. Therefore the Jackson standard should apply.
Simple burglary is defined in La. R.S. 14:62 as:
*104 “Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein ...”
The elements to be proved by the State are: (1) unauthorized entry into the structure in question by the defendant, and (2) that the defendant had the requisite specific intent to commit a theft or felony therein. State v. Oliney, supra at 1295.
Dr. Unkel, a co-owner of the Clinic testified that neither he nor the other two co-owners had given defendant permission to enter the building. Thus, any entry by the defendant would have been unauthorized. (Defendant denied ever entering the building until escorted there by the officers). Police arrived at the scene less than a minute after receiving the dispatch that the alarm had been set off and promptly secured the building. There was a hole in a window next to the door of the building and the door had been unlocked, giving access to the Clinic. One policeman attempted to climb the tree defendant said he had used to get on the roof and found that it could not be climbed without climbing equipment. Partially opened doors, drawers and closets were found inside the building. The door leading from the Clinic to the rooftop was unlocked. The defendant was found on the rooftop concealed behind a skylight and had in his possession a wrench and a screwdriver. At this time, defendant said nothing to the police about looking for a cat or repairing his car but said he had gone into the Clinic looking for money and drugs.
Specific criminal intent is defined in La.R.S. 14:10 as:
“... (1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.”
Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982).
In the instant case, we have the confession of the defendant that he entered the building looking for drugs and money. This is the defendant’s own statement describing his state of mind, specifically stating that he had the specific intent to commit a theft in the Children’s Clinic. The opened drawers and closets also indicate that the defendant was looking for something to take, i.e., intended to commit a theft.
Viewed in a light most favorable to the prosecution, we conclude that the evidence in the record is sufficient to support the jury’s finding that the defendant made an unauthorized entry into a structure with the intent to commit a theft therein.
For these reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. At trial, defendant did not object to the admissibility of these alleged confessions, but denied that he ever made same.

. It is the role of the factfinder to weigh the respective credibilities of the witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluation under the Jackson standard of review. State ex ret Graffagnino v. King, 436 So.2d 559 (La.1983).